[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff is a manufacturer of fencing and related products and commencing in 1991 the defendant contracted on several occasions with the plaintiff and duly paid for materials received. The defendant is an experienced and well advertised fencing contractor and installer in Connecticut. The lawsuit was started and tried to the court based upon allegations that the plaintiffs supplied materials in due course to the defendant in January 1993 and that the defendant has not paid the contract sum therefore.
Based upon the credible, admissible and relevant evidence presented to the court in this matter the court makes the following findings of fact and conclusions of law. On or about January of 1993 the plaintiff billed and shipped two orders received from the defendant for a number of prefabricated fence gates and additional materials requested by the defendant. The amounts of these invoices were $4,594.48 and $1,664.98 for a total of $6,259.46. These materials have not been paid for by the defendant and thus this lawsuit resulted. CT Page 1365-V
The defendant herein has filed a counterclaim alleging defective materials and improper advice given by the plaintiff. The plaintiff is responsible for the production of the fencing and gates as supplied and its warranties extended solely to the condition and performance of the fencing materials. The court does not find any warranties that extend to the installation of the fence. The plaintiff did not hold itself out to be or indeed was it an expert on fence installation. It did receive inquiries as established by Exhibits 4 and 8 concerning adhesive materials to be used and suggestions made by the plaintiff after a problem had been encountered by the defendant with relation to its alleged heaving of its fence posts. The court finds that the plaintiff was never consulted concerning the installation of the fence nor indeed did it make any representations to the defendant upon which the court could find or conclude that any breach of warranty, express or implied, was committed by the plaintiff.
The court further finds that the plaintiff gave no specific instructions as to installation nor either as to installation or mixing of any components, cement or adhesion products. The plaintiff had not experienced on any previous occasion any problem with installations of his products as claimed by the defendants herein. No alleged heaving problem was posed to any authorized representative of the plaintiff with a request for a solution except as outlined in Exhibit 4. Recommendations as outlined in said Exhibit cannot form a sufficient foundation for recovery for breach of warranty or breach of the contract that existed between the plaintiff and the defendant.
Exhibit H similarly cannot form any basis for recovery by the defendant as against the plaintiff for breach of warranty or contract.
The court concludes that the plaintiff performed as required under the contract. The evidence does not support the conclusion that materials supplied by the plaintiff to the defendant were defective or that any expressed to implied warranties were breached by the plaintiff.
Accordingly, judgment may enter for the plaintiff to recover of the defendant $6,259.46.
Judgment is entered in favor of the plaintiff with respect to all counts of the counterclaim. CT Page 1365-W
It is so ordered.
HIGGINS, J.
Judgment entered in accordance with foregoing Memorandum of Decision.
Felicia Santostefano, Assistant Clerk